IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN CHRIS KOMPERDA, | ) | CIVIL NO. 08-00422 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HILTON HOTELS CORPORATION AND | ) | |
| HILTON HAWAIIAN VILLAGE LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED BILL OF COSTS**

Before the Court, pursuant to a designation by Senior

United States District Judge Helen Gillmor, are Defendant Hilton

Hawaiian Village LLC's ("Defendant") Motion for an Award of

Attorneys' Fees ("Motion"), filed on June 17, 2010, and Plaintiff

John Chris Komperda's ("Plaintiff") Objections to Amended Bill of

Costs ("Objections") filed on July 19, 2010.  Defendant's Motion

requests an award of $417,392.14 in attorneys' fees.  On July 14,

2010, Defendant filed its Amended Bill of Costs ("Bill of

Costs"),[1] seeking $7,234.29 in taxable costs.  Plaintiff filed

his memorandum in opposition to the Motion on July 12, 2010, and

_____

[1] Defendant filed its original Bill of Costs on June 17,
2010, and Plaintiff filed his objections on June 24, 2010.  On
June 30, 2010, this Court granted Plaintiff's objections and
denied the original Bill of Costs without prejudice because it
did not comply with the applicable rules.  The Court gave
Defendant until July 14, 2010 to file an amended bill of cost in
full compliance with the applicable rules.

Defendant filed its reply on August 2, 2010.  Plaintiff also
filed a supplemental opposition to the Motion on August 4, 2010.

The Court finds these matters suitable for disposition
without a hearing pursuant to Rule LR7.2(d) of the Local Rules of
Practice of the United States District Court for the District of
Hawai`i ("Local Rules").  After reviewing the parties'
submissions and the relevant legal authority, the Court HEREBY
FINDS AND RECOMMENDS that the Defendant's Motion be DENIED and
that Plaintiff's Objections to Defendant's Amended Bill of Costs
be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that
the district judge tax $6,042.89 in costs against Plaintiff and
in favor of Defendant.

<u>**BACKGROUND**</u>

The parties and the Court are familiar with the factual
and procedural history of this case, and the Court will only
discuss the events that are relevant to the issues before it.

Plaintiff suffers from severe spinal cord injuries.
These injuries substantially limit his ability to walk and affect
his breathing.  Plaintiff also has difficulty controlling his
bladder and bowel movements.  [Mem. in Opp., Decl. of Lunsford
Dole Phillips ("Phillips Decl."), Exh. A. (Excerpts of Dennis
Crowley M.D.,'s trial testimony) at Vol. 1, 14-15.]

On September 18, 2008, Plaintiff filed the instant

action alleging that Defendant[2] violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and Hawai`i Revised Statutes § 347-13 and Chapter 489 by refusing to allow Plaintiff to use his Segway in the pedestrian areas of the Hilton Hawaiian Village ("the Hotel") to attend a professional seminar at the Hotel.  Defendant offered Plaintiff other accommodations, but Plaintiff declined them as insufficient for his needs.  Plaintiff therefore did not attend the seminar.

The district judge conducted a jury trial from May 5 to May 7, 2010 and from May 10 to May 12, 2010.  The jury returned its verdict on May 12, 2010, finding that Plaintiff did not "meet his burden of proof, by a preponderance of the evidence, that the requested modification [the use of his Segway] was necessary[.]" [Special Verdict Form, filed 5/12/10 (dkt. no. 110), at 2.]  On June 3, 2010, the Clerk of the Court entered final judgment in Defendant's favor.

I.   **Motion for Attorneys' Fees**

In the instant Motion, Defendant seeks an award of attorneys' fees pursuant to 42 U.S.C. § 12205 and Haw. Rev. Stat. § 607-14.5, arguing that Plaintiff's action was frivolous and lacked an arguable basis in law or in fact.  Defendant argues

---

[2] Plaintiff also named Hilton Hotels Corporation as a defendant.  The district judge granted Plaintiff's oral motion to dismiss Hilton Hotels Corporation during the April 26, 2010 final pretrial conference.  [Dkt. no. 92.]

3

that Plaintiff's counsel, Lunsford Dole Phillips, Esq., has

substantial experience litigating ADA claims and knew or should

have known that Plaintiff would be required to demonstrate that

use of his Segway was *necessary*.  Defendant also argues that

Plaintiff knew at the time he filed his Complaint that it was not

necessary for him to use a Segway to access the seminar at the

Hotel.  Defendant points out that Plaintiff did not argue at

trial that he was unable to use other accommodations besides his

Segway.  Plaintiff was aware that he was capable of using a

wheelchair, canes, walkers, or his wife's assistance to access

the seminar; he merely preferred to use his Segway.

Defendant next argues that Plaintiff's counsel

continued to litigate the case despite the "obvious absence of

legal support".  [Mem. in Supp. of Motion at 9 (citing Ault v.

Walt Disney World Co., 254 F.R.D. 680 (M.D. Fla. 2009) (rejecting

Segway-based ADA claim); Baughman v. Walt Disney World Co., 2010

WL 771484 at *3 (C.D. Cal. 2010) (same)).[3]]  Plaintiff became

aware of these cases no later than April 12, 2010, when Defendant

sought leave to file a motion for summary judgment after the

dispositive motions deadline.  Defendant argues that Plaintiff

forced Defendant to spend significant time and resources to

---

[3] Ault, 254 F.R.D. 680, was vacated by Ault v. Walt Disney
World Co., No. 6:07-cv-1785-Orl-31KRS, 2009 WL 3242028 (M.D. Fla.
Oct. 6, 2009), and Baughman, 2010 WL 771484, is now available as
a published opinion, 691 F. Supp. 2d 1092 (C.D. Cal. 2010).

defend against Plaintiff's frivolous claims.

In his memorandum in opposition, Plaintiff argues that Defendant's Motion should be denied in its entirety based on controlling case law and because Plaintiff's claims were not frivolous.  Plaintiff argues that, although the jury ruled against him, that does not mean his suit was frivolous. Plaintiff maintains that the suit had an "arguable basis in fact and law."  [Mem. in Opp. at 5.]

Plaintiff argues that Defendant "misstates the law by maintaining that 'necessary' in this legal context means that its only obligation was to provide physical access to its hotel." [Id. at 3.]  Plaintiff relies on Jury Instruction 23 as the agreed upon and proper definition of "necessary", [id.,] and argues that "the law guarantees 'meaningful' access to defendant's services and prohibits 'effective' exclusion from its services."  [Id. at 4.]  Plaintiff emphasizes that Jury Instruction 18 states, "'meaningful' access means access that provides 'an equal opportunity to obtain the same results as others.'"  [Id. at 4-5.]

Plaintiff next argues that case law supports the court's instructions and Plaintiff's understanding of "necessary".  Plaintiff cites PGA Tour v. Martin, 532 U.S. 661 (2001), and Johnson v. Gambrius Co./Spoetzl Brewery, 116 F.3d 1052 (5th Cir. 1997).  Plaintiff argues that these cases held

that the defendants had effectively excluded the plaintiffs from
their services or properties because, although the defendants
provided the plaintiffs with physical access, they did not
provide meaningful access.  Plaintiff also distinguishes the
cases which Defendant relies upon.  Plaintiff argues that <u>Ault</u> is
not an adjudication on the merits and that <u>Baughman</u> is
distinguishable on its facts.

Plaintiff also contends that he had a factual basis
for his claims.  Plaintiff argues that Defendant's proffered
accommodation, riding in a manual wheelchair pushed by a Hotel
staff person, would not have provided meaningful access to the
seminar because it would have "inhibited candid conversation" and
prohibited Plaintiff from attending lunch where a majority of
networking occurs.  [Mem. in Opp. at 9.]

Plaintiff also argues that he has a factual basis for
his suit based on effective exclusion.  Plaintiff argues that,
without the use of his Segway, he would have been effectively
excluded from the seminar because Defendant's proffered
accommodation would have "exposed him to unreasonable risks of
harm."  [<u>Id.</u> at 10.]  Plaintiff points out that he has an
impaired lung, which increases his risk of contracting a
respiratory disease.  Plaintiff therefore argues that sitting in
a wheelchair pushed by unknown persons would expose him to an
increased risk of illness.

Plaintiff also argues that the manual wheelchair with assistance was inadequate because his condition causes him to have the sudden and urgent need to urinate.  Plaintiff argues that he would have been humiliated and his reputation would have suffered if he had an accident in front of other seminar attendees.  Plaintiff also argues that merely being seen in a manual wheelchair would hurt his business because surveying cannot effectively be done from a manual wheelchair.  Other seminar attendees would doubt his ability to perform his work if they were to see him in one.

In its reply, Defendant argues that the ADA does not guarantee Plaintiff the right to use his preferred accommodation. Defendant, like Plaintiff, also cites Jury Instruction 18 which states,

> "Full and equal enjoyment" means the right to participate and to have equal opportunity to obtain the same results as others **to the extent possible** with such accommodation as may be required by the applicable discrimination laws and regulations.  **It does not mean that an individual with a disability must achieve an identical result or level of achievement as persons without a disability.** For example, an exercise class cannot exclude a person who uses a wheelchair because he or she cannot do all of the exercises and derive the same result from the class of persons without a disability.

[Dkt. no. 111 at 20 (emphases added).]  Defendant emphasizes that, although the use of a Segway may have provided a better or more "meaningful" experience to Plaintiff personally, it did not

7

make the use of a Segway "necessary" under the ADA.

Plaintiff's assertion that being seen in a wheelchair would hurt his business and inhibit his ability to network does not constitute a showing of necessity under the ADA.  Defendant argues that "for a Court to believe that a Segway is 'necessary' based on Plaintiff's arguments, the Court would need to believe that a person in a wheelchair is fundamentally not as good as an able-bodied individual."  [Reply at 9.]  Defendant further argues, that Plaintiff is "attempting to use the ADA as a subterfuge to allow him to attempt to hide his disability." [Id.]  Defendant emphasizes that the jury and other courts have found that "a wheelchair provides Plaintiff with meaningful access under the ADA."  [Id. at 5-6.]

Defendant next argues that the Ault court held that, for a plaintiff to show necessity, he must demonstrate that the use of a Segway is "'at least arguably indispensable or essential to their arguments.'"  [Id. at 6 (citing Ault, 2009 WL 3242028, at *7).]  Defendant emphasizes that the Ault court dismissed the plaintiffs' claims because they could use wheelchairs or other assistive devices and therefore could not establish that the use of Segways was "necessary".  Defendant also argues that Baughman does not support Plaintiff's case because the plaintiff in Baughman had a factual basis for her claim; her disability made it difficult to rise from a seated position.  The district court,

however, still ruled against her, finding that the use of a Segway was not necessary.

Defendant further contends that Plaintiff's reliance on PGA Tour and Johnson is misplaced.  Defendant points out that, because the plaintiff in PGA Tour was unable to participate in the golf tournament without the use of a golf cart, the real issue in that case was whether use of the golf cart would fundamentally alter the tournament.  In Johnson, the issue was whether it was reasonable for the plaintiff to use his guide dog during a tour of a brewery.  Defendant argues that neither of these cases go to the issue whether it was *necessary* for Plaintiff to use his Segway, and neither of these cases support the proposition that a Segway can be considered necessary where a plaintiff is capable of using a wheelchair, cane or walker.

## II.  **Bill of Costs**

In its Bill of Costs, Defendant seeks a total of $7,234.29 in taxable costs.  The majority of Defendant's request consists of fees for deposition and trial transcripts.  In addition, Defendant seeks taxation of court fees, service fees, witness fees, and copying costs.  Defendant contends that all of these were reasonable and necessarily incurred in this case.

Plaintiff only objects to $2,443.17 of Defendant's request.  [Objections at 1.]  Plaintiff argues that the $148.00 fee to serve Andrew Montemayor and Matthew Weissbach with

9

deposition subpoenas is not taxable because this Court quashed
those subpoenas as untimely.  Plaintiff also challenges $2,175.17
of Defendant's request for the cost of trial transcripts.
Plaintiff apparently concedes that the cost of real-time trial
transcripts is taxable in this case, but he argues that the costs
of additional certified, expedited, and daily transcripts were
duplicate and therefore are not taxable.  Finally, Plaintiff
argues that the witness fees paid to Rachel Nakagawa,
Andrew Montemayor, and Kenneth Kaan are not taxable because they
were never deposed and they did not testify at trial.  [Id. at
2.]

**DISCUSSION**

I.   **Timeliness of Defendant's Reply**

          On August 4, 2010, Plaintiff filed a Supplemental
Opposition to the Motion, essentially asking this Court to strike
Defendant's reply as untimely.  On June 17, 2010, this Court
issued the briefing schedule for Defendant's Motion.  [Dkt. no.
120.]  The deadline for Defendant's reply was August 2, 2010, and
Defendant timely filed its reply on that date.  Plaintiff's
request to strike Defendant's reply is therefore DENIED.

II.  **Entitlement to Attorneys' Fees**

          Plaintiff's Complaint alleged that Defendant's
prohibition of the use of his Segway violated the ADA, Hawai`i
Revised Statutes § 347-13, and Hawai`i Revised Statutes Chapter

10

489.   In the instant Motion, Defendant argues that the district court may award Defendant its attorneys' fees pursuant to 42 U.S.C. § 12205 and Hawai`i Revised Statutes § 607-14.5.

A.   **ADA**

Under the ADA, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  The Ninth Circuit, however, has held that the prevailing defendant standard for awards of attorneys' fees in Title VII actions also applies to awards of attorneys' fees and costs to prevailing defendants in ADA actions.  See Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1052 (9th Cir. 2009) (citing Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001)) (some citations omitted).  Thus, a court should award attorneys' fees and costs to a prevailing defendant in an ADA action "only if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'"  Brown, 246 F.3d at 1190 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)) (some citations and quotation marks omitted).  Similarly, a prevailing defendant in an action under 42 U.S.C. § 1983 "may recover attorneys' fees when a § 1983 plaintiff's claims are groundless, without foundation, frivolous, or unreasonable.  The terms 'frivolous',

11

'unreasonable' and 'without foundation' as used in this context do not have appreciably different meanings." <u>Alaska Right to Life Political Action Comm. v. Feldman</u>, 504 F.3d 840, 852 (9th Cir. 2007) (citations and quotation marks omitted).

Under the <u>Christiansburg</u> standard, an action is frivolous if it appears that the result is obvious or the arguments are completely meritless, either at the start of the case or if it becomes so at any point during the case.  <u>See</u> <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 666 (9th Cir. 2007) (citing <u>Christiansburg</u>, 434 U.S. at 422) (some citations omitted).

Although a finding of subjective bad faith is not required, <u>see</u> <u>Christiansburg</u>, 434 U.S. at 421, an award of attorneys' fees to a prevailing defendant is not the general rule.  The United States Supreme Court has stated:

> it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

<u>Id.</u> at 421-22; <u>see also</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").

Defendant essentially argues that Plaintiff's case was

12

frivolous because of case law rejecting Segway-based ADA claims were the plaintiff was able to use another assistive device. Defendant also contends that Plaintiff knew he was able to use another assistive device.  Defendant argues that Plaintiff knew of this case law by April 12, 2010, when Defendant sought leave to file a motion for summary judgment after the dispositive motions deadline.  The district judge, however, in denying Defendant leave to file the motion for summary judgment, stated that neither <u>Ault</u> nor <u>Baughman</u> "are binding or dispositive of the 'necessary' argument".  [Minute Order, filed 4/19/10 (dkt. no. 75), at 2.]  Further, the district judge stated:

> The holdings of both of these cases are based on a theory that the plaintiff's ability to use a wheelchair made it unnecessary to modify Walt Disney World's policy to permit the use of a Segway.
>
> In the case before the Court, the Defendants assume that the definition of "necessary" would be similar to that of the Disney cases.  There is no evidence before the Court, however, as to why the Defendant prohibited the use of the Segway, or why the lay-out of the Hilton Hawaiian Village hindered the Plaintiff's ability to attend activities there.
>
> The factual issue underlying the Defendant's theory is also not supported in the Concise Statement of Facts attached to the Defendant's Motion.  Specifically, **there is no resolution of the issue of the Plaintiff's ability to use a wheelchair at this point in time.**  To adopt the definition of "unnecessary" proposed by the Defendants, the Court would have to either hold a mini-trial or conduct an intense review of the lengthy deposition transcripts attached to the Defendants' Motion to see if the "necessary"

issue is resolved.

[Id. at 3 (emphasis added).]

In this Court's view, it is a close question as to whether Plaintiff's claims were frivolous. Frivolousness, however, is a very high standard and, in light of the district judge's April 19, 2010 minute order, this Court cannot conclude that Plaintiff's claims were frivolous. The Court therefore FINDS that Defendant is not entitled to attorneys' fees under the ADA and RECOMMENDS that Defendant's Motion be DENIED as to the request for attorneys' fees pursuant to § 12205.

**B.**    **Haw. Rev. Stat. § 607-14.5**

Defendant also argues that it is entitled to an award of attorneys' fees pursuant to Haw. Rev. Stat. § 607-14.5, which states, in pertinent part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are

14

> frivolous, the court may consider whether the
> party alleging that the claims or defenses are
> frivolous had submitted to the party asserting the
> claims or defenses a request for their withdrawal
> as provided in subsection (c).  If the court
> determines that only a portion of the claims or
> defenses made by the party are frivolous, the
> court shall determine a reasonable sum for
> attorneys' fees and costs in relation to the
> frivolous claims or defenses.

For the reasons stated *supra*, this Court FINDS that Plaintiff's claims were not frivolous.  This Court therefore RECOMMENDS that Defendant's Motion be DENIED as to the request for attorneys' fees pursuant to § 607-14.5.

## III. <u>Taxable Costs</u>

Defendant also seeks $7,234.29 in taxable costs pursuant to Fed. R. Civ. P. 54(d)(1), which provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Defendant is the prevailing party in the instant case, having obtained final judgment in its favor based on the jury's verdict.  The Court therefore FINDS that Defendant is entitled to its taxable costs pursuant to Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  <u>See Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987), <u>superseded on other grounds</u>, 42 U.S.C. § 1988(c).

15

"Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 142 (D. Or. 1995) (citing <u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> Defendant's Bill of Costs seeks taxation of the following costs:

| | |
|---|---:|
| Fees of the Clerk | 42.00 |
| Fees for service of summons and subpoena | 351.00 |
| Fees for printed or electronically recorded transcripts . . . | 6,014.99 |
| Fees for witnesses | 200.00 |
| Fees for exemplification and the costs of making copies . . . | 626.30 |
| TOTAL | 7,234.29 |

[Bill of Costs at 1.]  Plaintiff objects to a portion of Defendant's service costs, transcript costs, and witness fees. [Objections at 2.]

A.   **Service Fees**

Service fees are taxable pursuant to § 1920(1) and
Local Rule 54.2(f)(1), which states: "Fees for the service of
process and service of subpoenas by someone other than the
marshal are allowable, to the extent they are reasonably required
and actually incurred."  Defendant's service fees consist of the
following:

| | |
|---|---|
| Records Subpoena for Dennis Crowley, M.D. and Kenneth Kaan, M.D. | $100.00 |
| Deposition Subpoena for Dennis Crowley, M.D. | $ 64.00 |
| Deposition Subpoena for Alan Rice | $ 15.00 |
| Deposition Subpoena for Alan Rice | $ 24.00 |
| Deposition Subpoenas for Matthew Weissbach and Andrew Montemayor | $148.00 |
| **TOTAL** | **$351.00** |

[Bill of Costs, Aff. of Lane Hornfeck ("Hornfeck Aff."), Exh. B
at 1.]  Defendant submitted an invoice for each fee.  [Id. at 3-
6.]

Dr. Crowley and Dr. Kaan both treated Plaintiff and
Defendant expected them to testify at trial regarding Plaintiff's
disability and his need to use a Segway.  Defendant argues that
their records, as well as Dr. Crowley's deposition, were
necessary to prepare for Dr. Crowley's, Dr. Kaan's, and
Plaintiff's cross-examination at trial.  [Hornfeck Aff. at ¶¶ 4-
5.]  Alan Rice is the principal of Segway Hawaii, the retailer
that sold Plaintiff his Segway.  Plaintiff identified Mr. Rice as
a potential witness regarding Segways in general, and in
particular safety issues.  Defendant believed it was reasonably

17

necessary to depose Mr. Rice in preparation for trial, but its attempts to serve Mr. Rice were unsuccessful and his deposition never took place.  Defendant contends that the fees incurred in the attempts to serve him were still reasonable and necessary. [Id. at ¶ 6.]  Matthew Weissbach, P.T., and Andrew Montemayor, M.D., were Plaintiff's physical therapists and Defendant expected them to testify regarding Plaintiff's ability to use other assistive devices besides his Segway.  Defendant therefore believed that it was reasonably necessary to depose them for trial preparation purposes.  These depositions, however, never took place.  Although counsel engaged in numerous discussions about taking depositions after the discovery cut-off, they never reached an agreement, and this Court granted Plaintiff's motion to quash the depositions.  Defendant, however, contends that it was still reasonable to subpoena Mr. Weissbach and Dr. Montemayor.  [Id. at ¶ 7.]

Plaintiff does not contest the subpoena fees for Dr. Crawley, Dr. Kaan, and Mr. Rice.  Based on the parties' representations and this Court's knowledge of the case, this Court FINDS that those subpoena fees were actually incurred and were reasonably required in this case.  The Court therefore RECOMMENDS that Defendant's request for the subpoena fees for Dr. Crawley, Dr. Kaan, and Mr. Rice be GRANTED.

Plaintiff argues that the fees to subpoena

18

Mr. Weissbach and Dr. Montemayor are not taxable because this Court quashed the depositions as untimely noticed.  [Objections at 2.]  This Court agrees that the service fees for Mr. Weissbach's and Dr. Montemayor's deposition subpoenas were not reasonably required because those subpoenas were ultimately quashed.  It was in Defendant's control to either notice and take those depositions prior to the discovery cut-off or to move for an extension from this Court.  Defendant did neither.  This Court therefore FINDS that the service fees for Mr. Weissbach's and Dr. Montemayor's deposition subpoenas are not taxable and RECOMMENDS that Plaintiff's Objections be GRANTED as to those fees.

       The Court RECOMMENDS that $203.00 in service fees be taxed against Plaintiff and in favor of Defendant.

       **B.**   **<u>Transcript Fees</u>**

       Transcript fees are taxable pursuant to § 1920(2).  In addition, Local Rule 54.2(f)(2) states, in pertinent part:

> The cost of a stenographic and/or video original
> and one copy of any deposition transcript
> necessarily obtained for use in the case is
> allowable.  A deposition need not be introduced in
> evidence or used at trial, so long as, at the time
> it was taken, it could reasonably be expected that
> the deposition would be used for trial
> preparation, rather than mere discovery.

Defendant's transcript fees consist of the following:

| | |
|---|---|
| Records transcripts of Drs. Crowley and Kaan | $ 382.22 |
| Oral deposition transcript of Dr. Crowley | $ 326.91 |
| Oral deposition transcript of Ruben Tapia | $  62.83 |

| | |
|---|---:|
| Oral deposition transcript of Stephen Wong | $ 62.83 |
| Oral deposition transcript of Craig Calibraro | $ 89.63 |
| Oral deposition transcript of Rita Paxman | $ 62.83 |
| Oral deposition transcript of Joan Greer | $ 62.83 |
| Oral deposition transcript of Irene Bjork | $ 146.49 |
| Oral deposition transcript of Tina Hegger | $ 80.00 |
| Oral deposition transcript of Michael Wilding | $ 105.97 |
| Oral deposition transcript of Bert Momotomi | $ 62.83 |
| Oral deposition transcript of John Komperda and Jill Komperda | $1,138.07 |
| Trial transcripts 5/6/10 | $ 951.13 |
| Trial transcripts 5/7/10, 5/10/10 | $1,437.02 |
| Trial transcripts 5/6/10, 5/7/10, 5/10/10 | <u>$1,043.40</u> |
| **TOTAL** | **$6,014.99** |

[Hornfeck Aff., Exh. C at 1-2.]  Defendant submitted an invoice for each expense.  [Id. at 3-17.]

With the exception of Dr. Crowley, Dr. Kaan, Plaintiff, and Plaintiff's wife, all of the witnesses were Defendant's employees who were deposed by Plaintiff's counsel.  They were expected to testify at trial regarding Defendant's Segway policy and/or Defendant's interactions with Plaintiff.  [Hornfeck Aff. at ¶ 9.]  Defendant argues that each of the deposition transcripts were reasonably expected to be for trial preparation. [Id. at ¶¶ 11-13.]  Plaintiff does not context Defendant's requests for the costs of the deposition transcripts. [Objections at 2.]  Based on counsel's representations and this Court's knowledge of the case, this Court FINDS that all of Defendant's deposition transcript costs are taxable.

Plaintiff does not object to the taxation of the real-time trial transcripts.  Plaintiff, however, argues that certified, expedited, and daily transcripts were duplicative of

20

the real-time transcripts and therefore those fees are not taxable.  [Id.]  Defendant states:

> The amount of fees for recorded transcripts also includes the amount of $3,431.55 incurred in order to obtain copies of daily trial transcripts. This amount was not incurred for the convenience of counsel, but was necessary in order for [Defendant] to prepare its Motion for Judgment as a Matter of Law, filed May 11, 2010, which contained citations to various testimony contained within the daily trial transcripts.  In order to timely prepare [Defendant's] Motion for Judgment as a Matter of Law, it was necessary to obtain rough transcripts on an immediate basis.  It was then necessary to obtain final, certified copies of the transcripts for submission to the Court.

[Hornfeck Aff. at ¶ 14.]

The realtime transcripts of the May 6, 2010 trial proceedings cost $228.75 and the expedited transcript cost $693.55.[4]  [Hornfeck Aff., Exh. C at 15.]  The realtime transcripts of the May 7, 2010 and May 10, 2010 trial proceedings cost $985.15, plus 4.712% tax, and the daily transcript cost $387.20, plus 4.712% tax.  [Id. at 16.]  Based on the parties' representations and this Court's knowledge of the case, this Court FINDS that these transcript fees were reasonably necessary in this case and were not for the convenience of Defendant or defense counsel.  The Court RECOMMENDS that the district judge DENY Plaintiff's Objections as to the daily and expedited trial

---

[4] The tax for the entire invoice was $28.83, but the Court cannot determine whether a different rate applied instead of the standard 4.712% or whether only a portion of the invoice's $922.30 subtotal was taxable.  [Hornfeck Aff., Exh. C at 15.]

transcripts.

Defendant also requests a total of $1,043.40 for the "certified" transcripts of the May 6, 7, and 10 proceedings. [Id. at 17.] Although Defendant states that the purpose of the trial transcripts was to support the Motion for Judgment as a Matter of Law, Defendant ordered the certified transcripts on May 13, 2010, the day after the jury rendered its verdict and the district judge denied the Motion for Judgment as a Matter of Law as moot. [Minutes, filed 5/12/10 (dkt. no. 109).] This Court therefore FINDS that the certified transcripts were not reasonably necessary in this case and therefore are not taxable. The court RECOMMENDS that the district judge GRANT Plaintiff's Objections as to the certified trial transcripts.

This Court RECOMMENDS that the district judge GRANT Defendant's request for transcript fees, except for the $1,043.40 for certified transcripts, for a total of $4,971.59.

### C.   <u>**Witness Fees**</u>

Witness fees are taxable pursuant to § 1920(3). In addition, Local Rule 54.2(f)(3) states, in pertinent part: "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Defendant's witness fees consist of the following:

```
Dennis Crowley, M.D. (Court)        $ 40.00
Matthew Weissbach (Court)           $ 40.00
```

| | |
|---|---|
| Andrew Montemayor | $ 40.00 |
| Rachelle Nakagawa | $ 40.00 |
| Kenneth T. Kaan, M.D. (Depo fee) | <u>$ 40.00</u> |
| **TOTAL** | **$200.00** |

[Bill of Costs at 2.]  Defendant provided a copy of the check and/or check stub for each payment.  [Hornfeck Aff., Exh. D at 2-6.]  Based on the dates of the checks, Dr. Montemayor's fee and Ms. Nakagawa's fee were also for trial appearance.  [<u>Id.</u> at 4-5.]

This Court has already noted that Dr. Crowley and Dr. Kaan were two of Plaintiff's treating physicians. Dr. Crowley's witness fee was for his trial testimony, and Dr. Kaan's witness fee was for his deposition as a custodian of records.  [Hornfeck Aff. at ¶ 17.]  Mr. Weissbach, Dr. Montemayor, and Ms. Nakagawa were Plaintiff's physical therapists, and Defendant expected all of them to testify at trial about whether Plaintiff could use other assistive devices besides his Segway.  Only Mr. Weissbach, however, actually testified at trial.  [<u>Id.</u> at ¶ 18.]

Plaintiff does not contest the witness fees for Dr. Crowley and Mr. Weissbach.  [Objections at 2.]  This Court FINDS that their witness fees were reasonably necessary and are therefore taxable.  This Court therefore RECOMMENDS that the district judge GRANT Defendant's request for Dr. Crowley's and Mr. Weissbach's witness fees.

Plaintiff objects to Defendant's request for witness fees paid to Ms. Nakagawa, Dr. Montemayor, and Dr. Kaan because

23

he argues that those persons never testified at deposition or at trial. [Id.] First, this Court RECOMMENDS that Plaintiff's Objections be DENIED as to Dr. Kaan's witness fee because Defendant paid that fee for his deposition appearance as a custodian of records. The Court FINDS that Dr. Kaan's witness fee was reasonably necessary and therefore taxable.

Defendant anticipated calling Ms. Nakagawa and Dr. Montemayor as witnesses at trial and subpoenaed them to appear. Defendant, however, did not call them at trial due to time constraints. [Hornfeck Aff. at ¶ 18.] This Court FINDS that Ms. Nakagawa's and Dr. Montemayor's witness fees were reasonably necessary and therefore taxable.

The Court RECOMMENDS that the district judge DENY Plaintiff's Objections as to Defendant's witness fees and that the district judge GRANT Defendant's requested witness fees in full.

### D.    Other Cost Requests

Although Plaintiff did not raise other objections to Defendant's Bill of Costs, insofar as this Court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S. at 441-42, this Court must review Defendant's other request items to determine if they are taxable.

### 1.    Fees of the Clerk

Fees of the clerk are taxable pursuant to § 1920(1).

Defendant seeks recovery of $42.00 in clerk's fees for juror cards.  Defendant argues that these were necessary for trial preparation.  This Court FINDS that this fee is taxable and RECOMMENDS that the district judge GRANT Defendant's request for fees of the clerk in full.

    2.  **Copying Costs**

    Copying costs are taxable pursuant to § 1920(4).  Local Rule 54.2(f)(4) states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Defendant seeks $626.30 for in-house copying costs incurred from May 2008 through May 31, 2010.  This represents 6,263 copies at $0.10 per page.  [Hornfeck Aff. at ¶ 21.]  Defendant submitted a spreadsheet with a break down of the documents copied, the number of copies made of each document, the number of pages per document, and the number of pages and copies of each document for which recovery is sought.  [Id. at ¶ 22, Exh. E.]

    This Court has reviewed Defendant's supporting documentation and FINDS that the requested copying costs comply

with the requirements of Local Rule 54.2(f)(4) and are therefore taxable.  The Court RECOMMENDS that the district judge GRANT Defendant's request for copying costs in full.

     **E.**   **Summary of Taxable Costs**

     This Court FINDS that Defendant is entitled to the following taxable costs:

| | |
|---|---|
| Fees of the clerk | $   42.00 |
| Fees for service of summons and subpoena | $  203.00 |
| Fees for printed or electronically recorded transcripts | $4,971.59 |
| Fees for witnesses | $  200.00 |
| Fees for exemplification and the costs of making copies | $  626.30 |
| **TOTAL** | **$6,042.89** |

The Court therefore RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Defendant's request for costs and order the taxation of $6,042.89 in costs against Plaintiff and favor of Defendant.

<u>CONCLUSION</u>

     In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion for an Award of Attorneys' Fees, filed June 17, 2010, be DENIED, and that Plaintiff's Objections to Defendant's Amended Bill of Costs, filed July 19, 2010, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Defendant's requests in its Amended Bill of Costs, filed July 14, 2010, and that the district judge order the taxation of $6,042.89 in costs against Plaintiff and in favor of Defendant.

26

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 31, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOHN CHRIS KOMPERDA V. HILTON HOTELS CORPORATION, ET AL; CIVIL NO. 08-00442 HG-LEK; FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED BILL OF COSTS**