IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN CHRIS KOMPERDA,<br><br>      Plaintiff,<br><br>  vs.<br><br>HILTON HAWAIIAN VILLAGE, LLC,<br><br>      Defendant. | Civ. No. 08-00422 HG-LEK |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED BILL OF COSTS (DOC. 133)**
**AND**
**DENYING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS (DOC. 134)**

Plaintiff John Chris Komperda filed a Complaint against Defendant Hilton Hawaiian Village, LLC, asserting claims under Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12182(a) and (b)(2)(A)(ii), and Hawaii Revised Statutes Chpts. 347 and 489.  The case proceeded to trial, and on May 12, 2010, the jury returned a verdict in Defendant's favor. Defendant filed a post-trial motion requesting attorneys' fees, and on August 31, 2010, the Magistrate Judge entered a Findings and Recommendations denying the request.  Defendant objects to the Findings and Recommendations, arguing that Plaintiff's

lawsuit was "frivolous."

The Findings and Recommendations are **ADOPTED**.  Defendant's objection is **DENIED**.

## PROCEDURAL HISTORY

On June 17, 2010, Defendant Hilton Hawaiian Village, LLC, filed a Bill Of Costs, (Doc. 118), and a Motion For An Award Of Attorneys' Fees, (Doc. 119).

On June 24, 2010, Plaintiff John Chris Komperda filed Objections to Defendant's Bill Of Costs.  (Doc. 121.)

On July 1, 2010, Defendant filed a Statement Of Consultation.  (Doc. 124.)

On July 12, 2010, Plaintiff filed a Memorandum In Opposition To Defendant's Motion For Attorneys' Fees.  (Doc. 127.)

On July 14, 2010, Defendant filed an Amended Bill Of Costs. (Doc. 128.)

On July 19, 2010, Plaintiff filed Objections to Defendant's Amended Bill Of Costs.  (Doc. 129.)

On August 2, 2010, Defendant filed a Reply In Support Of Motion For An Award Of Attorneys' Fees.  (Doc. 131.)

On August 4, 2010, Plaintiff filed a Supplemental Opposition To Defendant's Motion For Attorneys' Fees.  (Doc. 132.)

On August 31, 2010, the Magistrate Judge filed the Findings And Recommendations To Deny Defendant's Motion For An Award Of

Attorneys' Fees And To Grant In Part And Deny In Part Plaintiff's Objections To Defendant's Amended Bill Of Costs. (Doc. 133.)

On September 14, 2010, Defendant filed an Objection to the Magistrate Judge's Findings And Recommendations. (Doc. 134.)

On September 27, 2010, Plaintiff filed a Response To Defendant's Objection To The Magistrate Judge's Findings And Recommendations. (Doc. 135.)

**STANDARD OF REVIEW**

Title 28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit to the district court judge a findings and recommendation. Under Local Rule 74.2, any party may object to a magistrate judge's findings and recommendation. The district court judge shall make a *de novo* determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. Id. The Ninth Circuit Court of Appeals, in Dawson v. Marshall, held that *de novo* review means that the district court judge does not defer to the magistrate judge's ruling but freely considers the matter anew, as if no decision had been rendered below. 561 F.3d 930, 933 (9th Cir. 2009) (internal citation omitted).

## ANALYSIS

Defendant Hilton Hawaiian Village, LLC, requested attorneys' fees pursuant to 42 U.S.C. § 12205[1] and Hawaii Revised Statutes ("H.R.S.") § 607-14.5.[2] (Defendant's Motion For An Award Of Attorneys' Fees, (Doc. 119).) On August 31, 2010, the Magistrate Judge filed the "Findings And Recommendations To Deny Defendant's

---

[1] Title 42 U.S.C. § 12205 provides: "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

[2] Hawaii Revised Statutes § 607-14.5(a) provides in relevant part: "In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)."

Hawaii Revised Statutes § 607-14.5(b) provides in relevant part: "In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses."

Motion For An Award Of Attorneys' Fees And To Grant In Part And Deny In Part Plaintiff's Objections To Defendant's Amended Bill Of Costs" ("Findings And Recommendations").  (Doc. 133.)  The Findings and Recommendations denied Defendant's request for attorneys' fees and granted in part and denied in part Defendant's request for costs.  Id.  Defendant objected to the Findings and Recommendations only to the extent that the Magistrate Judge did not conclude that Plaintiff John Chris Komperda's claims were frivolous.  The Court reviews the Findings and Recommendations *de novo*.  Local Rule 74.2.

### A.   Defendant Is Not Entitled To Attorneys' Fees Pursuant to 42 U.S.C. § 12205.

In determining whether a defendant is entitled to attorneys' fees under 42 U.S.C. § 12205, district courts apply the standard established by the Supreme Court of the United States in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).  Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997).  In Christiansburg, the Supreme Court of the United States held that a court may in its discretion award attorneys' fees to a prevailing defendant upon a finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Id. at 421.  The Supreme Court cautioned that in applying these criteria, "it is important that a district court resist the understandable temptation to

engage in *post hac* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-422. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. at 422.

Plaintiff filed the Complaint on September 18, 2008, asserting claims under Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12182(a) and (b)(2)(A)(ii), and Hawaii Revised Statutes Chpts. 347 and 489. (Complaint, (Doc. 1).) Plaintiff alleged that he suffered from a disability, and that he used an assistive mobility device later identified as a Segway. Id. at ¶¶ 3, 6. Plaintiff asserted that Defendant prohibited Segways on its hotel property, and that Defendant failed to make a reasonable modification to its Segway policy that was necessary to afford Plaintiff full and equal enjoyment of Defendant's resort. Id. at ¶¶ 3, 6.

Defendant did not file any dispositive motions during the time period established by either the Rule 16 Scheduling Order, (Doc. 12), or the Amended Rule 16 Scheduling Order, (Doc. 37). On April 12, 2010, less than one month before trial, and over nine months after the deadline passed for filing dispositive motions, Defendant filed a "Motion To Alter Rule 16 Scheduling Order And For Leave To File Dispositive Motion After Dispositive

Motions Cutoff." (Doc. 59.) By Minute Order dated April 19, 2010, the Court denied Defendant's request. (Doc. 75.)

Under Title III of the ADA, Plaintiff was required to show that Defendant failed to make a "reasonable" modification to its Segway policy that was "necessary" to accommodate Plaintiff's disability. In the Motion For Attorneys' Fees and in the Objection to the Magistrate Judge's Findings and Recommendations, Defendant argues that Plaintiff was physically capable of using a wheelchair, and therefore using a Segway on Defendant's hotel property was not "necessary." Defendant has relied heavily on two district court opinions: Ault v. Walt Disney World Co., 2009 WL 3242028 (Oct. 6, 2009, M.D. Fla.); and Baughman v. Walt Disney World Co., 691 F.Supp.2d 1092 (Feb. 26, 2010, C.D. Cal). Ault was decided over one year after Plaintiff filed the Complaint here, and Baughman was decided four months after Ault. The district court in Ault concluded that "on the record before it," there was no evidence that the use of a Segway was essential to accessing Disney's parks. 2009 WL 3242028, *7. The district court in Baughman concluded that the plaintiff was judicially estopped from arguing that her Segway was necessary, based on statements that the plaintiff had made in prior lawsuits. 691 F.Supp.2d 1092, 1097. As stated in the Court's April 19, 2010 Minute Order, neither Ault nor Baughman are binding or dispositive on the issue of whether Plaintiff's use of the Segway

7

on Defendant's hotel property was "necessary" or "reasonable."

The Ninth Circuit Court of Appeals, in <u>Lentini v. California Center for the Arts, Escondido</u>, provided guidance for the interpretation of "necessary" under Title III of the ADA.  370 F.3d 837 (9th Cir. 2004).  The plaintiff in <u>Lentini</u>, a quadriplegic, was denied admittance to a dance performance at the defendant's facility because her service dog had been disruptive at previous performances.  <u>Id.</u> at 841.  The plaintiff shared a "bond" with the service dog, who "provid[ed] minimal protection and retriev[ed] small dropped items."  <u>Id.</u> at 839, 841.  The Ninth Circuit Court of Appeals concluded that a modification requiring that the plaintiff be admitted with her dog was "necessary" under Title III of the ADA because, but for the modification, the plaintiff would "effectively be excluded" from the public accommodation.  <u>Id.</u> at 845 (internal citation omitted).  The appellate court stated that the modification was "necessary" even though the plaintiff was also accompanied by an able-bodied companion, and even though the defendant offered the assistance of specially-trained staff.  <u>Id.</u>

At trial here, Plaintiff testified that he was medically capable of using a wheelchair.  (Partial Transcript of Jury Trial at p. 16, dated May 11, 2010, (Doc. 126).)  He stated that a wheelchair, however, "would not work" in his profession of land surveying, which requires traveling across loose dirt and within

8

construction sites.  Id. at p. 40.  Plaintiff testified that in March 2008, he planned to attend a one-day seminar at Defendant's hotel resort, for the purpose of meeting and networking with other professionals in the land surveying industry.  Id. at pp. 48, 52.  Plaintiff refused to attend the seminar after discovering that Defendant prohibited the use of Segways.  Id. at p. 48.  Plaintiff feared his suitability for employment as a surveyor would be impacted by his attendance in a wheelchair. He believed he needed the use of the Segway to demonstrate his mobility at a construction job site.  Plaintiff was also concerned about germs that might be spread from borrowing a wheelchair while visiting Defendant's hotel.  Id. at pp. 49-50. Plaintiff stated that his disability, caused by a spinal cord injury, prevented his diaphragm muscles from clearing his lungs, which could build up fluids, "going to a life-threatening pneumonia."  Id. at p. 50.  In addition to his concerns regarding germs, Plaintiff testified that a wheelchair would not permit him to make urgent, unpredictable trips to the restroom.  Id. at p. 51.

Under the interpretation of "necessary" established by the Ninth Circuit Court of Appeals in Lentini, the jury could have found that without his Segway, Plaintiff would "effectively be excluded" from participating in the March 2008 seminar held at Defendant's hotel resort.  Lentini, 370 F.3d at 845.  The Court

may not engage in *post hac* reasoning by concluding that, because Plaintiff did not prevail, his action must have been frivolous. <u>Christiansburg</u>, 434 U.S. at 421. Plaintiff's lawsuit was not "frivolous, unreasonable, or without foundation[.]" <u>Id.</u> Defendant's are not entitled to attorneys' fees pursuant to 42 U.S.C. § 12205.

**B.   Defendant Is Not Entitled To Attorneys' Fees Pursuant to Hawaii Revised Statutes § 607-14.5**.

In determining whether a defendant is entitled to attorneys' fees under Hawaii Revised Statutes ("H.R.S.") § 607-14.5, Hawaii courts require a showing that the claims were "frivolous." In <u>Canalez v. Bob's Appliance Service Center, Inc.</u>, the Supreme Court of Hawaii defined a frivolous claim as "a claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." 89 Haw. 292, 303 (Haw. 1999) (internal citation omitted). The Supreme Court of Hawaii held in <u>Taomae v. Lingle</u> that courts must also consider the legal precedent available. 110 Haw. 327, 332 (Haw. 2006) (internal citations omitted). A litigant's "erroneous interpretation in a case of first impression should not, without more, lead the court to conclude that the plaintiff's claims are frivolous, unreasonable, or without foundation." <u>Id.</u> When legal principles are not "firmly established," then a litigant's actions contrary to such

principles are not frivolous.  Id. (internal citation omitted).

For the reasons discussed above in the context of 42 U.S.C. § 12205, Plaintiff's claims were not frivolous.  There is no evidence that Plaintiff acted in "bad faith," and Plaintiff's claims were not "manifestly and palpably without merit."  Canalez, 89 Haw. at 303.  Legal precedent on the issue of whether the use of Segways is "necessary" under Title III of the ADA and under Hawaii state law is still developing and has not reached the point of being considered "firmly established."  Defendant's are not entitled to attorney's fees pursuant to H.R.S. § 607-14.5.

**CONCLUSION**

(1) The Magistrate Judge's Findings And Recommendations To Deny Defendant's Motion For An Award Of Attorneys' Fees And To Grant In Part And Deny In Part Plaintiff's Objections To Defendant's Amended Bill Of Costs, filed August 31, 2010, (Doc. 133), are **ADOPTED**.

//
//
//
//
//

(2)  Defendant's Objection to the Magistrate Judge's Findings And Recommendations, filed September 14, 2010, (Doc. 134), is **DENIED**.

IT IS SO ORDERED.

DATED:   October 25, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Komperda v. Hilton Hawaiian Village, LLC; Civil No. 08-00422 HG-LEK; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED BILL OF COSTS (DOC. 133) AND DENYING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (DOC. 134).**